**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL M. WARD,<br>Plaintiff,<br>v.<br>MERCY MEDICAL CENTER, et al.,<br>Defendants. | No. 2:25-CV-2827-DC-DMC<br><br><u>ORDER</u> |

Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's original complaint. <u>See</u> ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff files this action against two defendants: (1) Mercy Medical Center Redding, and (2) Dr. Gregory Hartt. See ECF No. 1, pg. 2. Plaintiff alleges this Court's jurisdiction arises under federal question jurisdiction. See id. at 3. Plaintiff states this case implicates 18 U.S.C. § 1518. Plaintiff additionally states this case falls under 28 U.S.C. §§ 1346(b), 2671, and 2672. See id. at 4. Plaintiff also specifically references medical malpractice. See id.

Plaintiff asserts Mercy Medical Center and Dr. Gregory Hartt engaged in obstruction of justice by falsifying medical records. See id. at 5. Plaintiff alleges an unwritten custom between Redding Police Department (which is not a defendant to this action) and Mercy Medical Center. See id. The Court presumes this alleged custom to mean a custom of falsifying medical records to conceal instances of excessive force.[1] See id. Plaintiff attaches to the complaint emails and medical records but does not include dates or additional facts regarding the alleged incident. See id. at 7-68. Plaintiff writes that the amount in controversy is "$200,000-$500,000 for negligence." Id. at 5. It is unclear if Plaintiff was in custody, either as a pre-trial

[1] Plaintiff states, "Excessive force cover-up. 'Unwritten between Redding's Police Dept. custom' and Mercy. – Monell." Id. at 5.

detainee or as an inmate incarcerated pursuant to a valid judgment of conviction, when the events alleged in the complaint took place.

## II. DISCUSSION

Plaintiff's complaint, as currently pleaded, is insufficient to state a claim. Plaintiff's claim for medical malpractice, as discussed below, is not a cognizable claim as it arises under state law. Plaintiff's claims of excessive force and obstruction of justice do not allege sufficient factual allegations to support a cognizable claim under 42 U.S.C. § 1983. Plaintiff will be provided leave to amend his claims of excessive force and obstruction of justice.

### A. Medical Malpractice

Plaintiff's medical malpractice claim is based on a violation of state law. Plaintiff does not allege facts that support such a claim because he has not stated facts to show that either defendant acted below the applicable standard of medical care. Therefore, to the extent Plaintiff asserts a claim for medical malpractice, the claim is not cognizable. The Court may, if Plaintiff is able to successfully plead a federal claim, exercise supplemental jurisdiction over Plaintiff's medical malpractice claim. The Court will make this determination upon the filing of an amended complaint.

### B. Excessive Force[2]

In determining whether the force used is reasonable under the Fourth Amendment, the Court must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake.'" See Graham v. Connor, 490 U.S. 386, 396 (1989), quoting Tennessee v. Garner, 471 U.S. 1, 6 (1985). The Court must determine whether the officers' actions are objectively reasonable "in light of the facts and circumstances then known to" the officer. Scott v. United States, 436 U.S. 128, 137 (1978).

/ / /

---

[2] Due to the Court's uncertainty regarding Plaintiff's status as a pre-trial detainee or prisoner, the Court has analyzed the sufficiency of Plaintiff's pleading under both the Fourth and Eighth Amendment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint refers to 62 pages of attached documents which purportedly support the factual allegations against the defendants. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, Plaintiff's complaint would require the Court to comb through 62 pages of documents in order to determine whether Plaintiff has sufficiently stated a claim of excessive force upon which relief can be granted. The Court is unwilling to do this in part due to limited judicial resources but also because it is for Plaintiff – not the Court – to formulate his claims in a way that satisfies the rules.

Moreover, in the body of the complaint, which contains a single paragraph of factual allegations, see ECF No. 1, pg. 5, Plaintiff includes no allegations which would establish a causal link between either named defendant and a constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S.

658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, Plaintiff has not alleged any facts which would indicate Defendants acted either unreasonably or with deliberate indifference.

The complaint will be dismissed with leave to amend to allow Plaintiff an opportunity to re-allege his claims in light of the foregoing legal principles.

**C. Obstruction of Justice**

Plaintiff references 18 U.S.C. § 1518 and obstruction of justice. See ECF No. 1, pgs. 4, 5. Section 1518 is a provision of the federal criminal statutes and does not provide for a private civil cause of action. This defect is not curable through amendment.

**D. Conspiracy**

42 U.S.C. § 1985(2) provides a private cause of action where two or more persons conspire to obstruct justice by intimidating a party, witness, or juror. Here, Plaintiff has not alleged any facts to suggest such a conspiracy. 42 U.S.C. § 1985(3) provides a private cause of action for a conspiracy to deprive a person of their civil rights due to racial or other class-based animus. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Here, Plaintiff has not alleged a conspiracy based on racial or other class-based animus. Plaintiff will be provided leave to amend to clarify his conspiracy claim.

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 10, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE